UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:22-cv-23232-KMW

Assigned to: Judge Kathleen M. Williams

Referred to: Magistrate Judge Lisette M. Reid

GARY CATENAC, AYANA KNOWLES, FRANK HAMMOND, ALEXANDER OKWALI, and HARRY GARCIA, individually and as representatives of a class of participants and beneficiaries on behalf of the Lennar Corporation 401(K) Plan,

    Plaintiffs,

v.

LENNAR CORPORATION,

    Defendant.

**DEFENDANT'S RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs ask this Court to invalidate the arbitration provision in the Lennar Corporation 401(k) Plan (the "Plan") based on *Henry v. Wilmington Trust, NA*, 72 F.4th 499 (3d Cir. 2023), *cert. denied sub nom. Wilmington Tr., N.A. v. Marlow*, 23-122, 2023 WL 6797729 (U.S. Oct. 16, 2023). *See* Dkt. 35. But *Henry* provides no basis for invalidating the arbitration provision in this matter.

To start, *Henry's* determination that an arbitration provision may not foreclose the "removal of a plan fiduciary" has no bearing here. 72 F.4th at 507. The Plan's arbitration provision prohibits only Plan-wide *monetary* relief, a limitation which courts agree is permissible, while allowing for the sort of Plan-wide *non-monetary* relief under ERISA that Plaintiffs seek in their

1

Amended Complaint.  Injunctive remedies like fiduciary removal thus remain available because they do not provide "additional" relief to anyone beyond the claimant.  *Henry* gives no reason to conclude otherwise.  Further, Supreme Court precedent—unaddressed by *Henry*—instructs that when courts "do not know how the arbitrator will construe [arbitration agreements'] remedial limitations, . . . the proper course is to compel arbitration" rather than interpret those remedial limitations in the "abstract."  *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 407 (2003).

Further, *Henry* declines to enforce an arbitration provision that "purports to prohibit plan participants from bringing claims that would have the purpose of effect of providing monetary . . . relief to third parties."  72 F.4th at 507 (internal quotation marks removed).  But *Henry*—like *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Directors*, 59 F.4th 1090 (10th Cir. 2023)—ignores the Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022).  *See* Dkt. 33, Defendant's Reply in Support of Motion to Compel Arbitration, at 4-6.  Even assuming ERISA *allows* participants to bring representative claims for monetary relief, *see* 72 F.4th at 506, such relief is, in *Viking River*'s terminology, a form of "claim joinder" for other participants' individual claims, *see* 142 S. Ct. at 1915.  A statute may permit "claim joinder" representative claims, but arbitration provisions can modify plaintiffs' ability to bring them.  *Viking River*, 142 S. Ct. at 1923-24.  Just such a provision was at issue in *Henry*, and also here, and under *Viking River* they must be enforced.  *Henry*, like *Harrison*, contravenes *Viking River*, and tellingly neither court addresses that decision.

Notably, Judge Scola's decision in *Holmes v. Baptist Health* follows both Supreme Court and Eleventh Circuit precedent by holding that "[w]hile the arbitration agreement prohibits the recovery of some Plan-wide monetary relief, *such relief is only available to those who bring a representative or class action*," and "as the Eleventh Circuit has already held that a waiver of the

2

right to bring a class action in arbitration is permissible, the concomitant waiver of remedies associated with class actions is also permissible." 2022 WL 180638, at *2-3 (S.D. Fla. Jan. 20, 2022) (emphasis added).  This Court should do the same.

| | |
|---|---|
| Date: November 27, 2023 | Respectfully submitted, |

/s/ *Kimberley E. Lunetta*
Kimberley E. Lunetta
(FL Bar Number: 1026812)
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, Florida 33131-2339
Telephone: +1 (305) 415-3000
Facsimile: +1 (305) 415-3001
kimberley.lunetta@morganlewis.com

Keri L. Engelman (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7828
Fax: (617) 341-7001
keri.engelman@morganlewis.com

Brian T. Ortelere (*pro hac vice*)
Jared R. Killeen (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS, LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963.5917.5000
Facsimile: (215) 963.5001
brian.ortelere@morganlewis.com
jared.killeen@morganlewis.com

*Counsel for Defendant Lennar Corporation*